# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 16, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

150001

COALITION PROTECTING AUTO NO-FAULT,
BRAIN INJURY ASSOCIATION OF
MICHIGAN, ILENE IKENS, RICHARD IKENS,
KENNETH WISSER, SUSAN WISSER,
GREGORY WOLFE, and KAREN WOLFE,
          Plaintiffs-Appellants,

v                                                    SC: 150001
                                                     COA: 314310
                                                     Ingham CC: 12-000068-CZ
MICHIGAN CATASTROPHIC CLAIMS
ASSOCIATION,
          Defendant-Appellee.

_____/

On October 13, 2015, the Court heard oral argument on the application for leave to appeal the May 20, 2014 judgment of the Court of Appeals. The application is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals opinion holding that MCL 500.134(4) does not violate art 4, § 25 of the Michigan Constitution. In its opinion, the Court of Appeals assumed without deciding that the Michigan Catastrophic Claims Association (MCCA) is a "public body." We REMAND this case for reconsideration of this issue. On remand, the Court of Appeals is directed to decide the issue whether the MCCA is a "public body" subject to the Freedom of Information Act, MCL 15.231 *et seq.*, under MCL 15.232(d). Compare MCL 15.232(d)(iv) (a "public body" includes "[a]ny other body which is created by state or local authority") and *League Gen Ins Co v Michigan Catastrophic Claims Ass'n*, 435 Mich 338, 351 (1990) (holding that the MCCA is not a "state agency" but a "private association"); see also 1988 PA 349, § 2 (providing "legislative intent" pertaining to the status of the MCCA). The Court of Appeals shall then reconsider whether MCL 500.134(4) violates art 4, § 25 in light of its resolution of that issue. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 16, 2015



Clerk

t1014